**EAGLE-PICHER MINING & SMELTING CO. et al. v. NATIONAL LABOR RELATIONS BOARD (INTERNATIONAL UNION OF MINE, MILL AND SMELTER WORKERS, LOCAL NO. 15, et al., Intervener).**

No. 460, Original.

Circuit Court of Appeals, Eighth Circuit.

April 19, 1944.

Rehearing Denied May 17, 1944.

John G. Madden, of Kansas City, Mo. (A. C. Wallace, of Miami, Okl., H. W. Blair, of Washington, D.C., and James E. Burke and Madden, Freeman, Madden & Burke, all of Kansas City, Mo., on the brief), for petitioners.

A. Norman Somers, Atty., National Labor Relations Board, of Washington, D. C. (Robert B. Watts, Gen. Counsel, Ernest A. Gross, Associate Gen. Counsel, Howard Lichtenstein, Asst. Gen. Counsel, and William J. Avrutis, Atty., National Labor Relations Board, all of Washington, D. C., on the brief), for respondent.

Louis N. Wolf, of Joplin, Mo. (Sylvan Bruner, of Pittsburg, Kan., on the brief), for intervener.

Before SANBORN, WOODROUGH, and JOHNSEN, Circuit Judges.

WOODROUGH, Circuit Judge.

The National Labor Relations Board filed a petition in the nature of a bill of review to set aside, for fraud, mistake and newly discovered evidence, paragraphs 2(d) and 3(b) of the final decree of this Court in this case dated and entered June 27, 1941, and to remand the subject matter of those paragraphs to the Board for further proceedings. The Eagle-Picher Mining and Smelting Company and Eagle-Picher Lead Company have filed their answer to the Board's petition. The answer challenges this Court's jurisdiction and the sufficiency of the petition. The Board has now moved for judgment on the record and the pleadings, upon the grounds that no genuine issue of fact exists with respect to any material allegation of the petition and that the Board, as a matter of law, is entitled to the relief prayed for. The companies assert that the motion of the Board is without merit and should be denied and that the petition of the Board should be dismissed.

Paragraphs 2(d) and 3(b) of the decree entered June 27, 1941, provide a formula for computing back pay which the companies are required to disburse among a group of 209 employees found to have been discriminatorily denied employment by the companies. It is claimed for the Board that the Board adopted and prescribed the formula because it was misled as to the number of men employed (and the corresponding number of jobs created) by the companies in their operations in the period after July 5, 1935, and as to the make up of the staff in respect to the former employment of the men, and believing the number to be smaller than it actually was and that the composition included more old employees than it actually did, the Board made inadequate award, contrary to its intention. After the decree, and in the course of steps to carry it out, the true number of employees and their true status as old or new employees had been

ascertained by the Board's investigators from the companies' records, and it is claimed that the number of jobs included in the operations and the composition of the staff were such that the Board, if it had not been misled, and if it had known the truth, would not have adopted the formula of its order which was carried into our decree. The Board stated in its decision, "We have ordinarily ordered the offending employer to make them [discriminatorily discharged employees] whole with back pay", and it is claimed that on a right understanding of the true facts as to the number of men employed in the period and the composition of the staff, the Board would have made such ordinary order, and that it should now be accorded opportunity to make that ordinary order in furtherance of the purposes of the National Labor Relations Act, 29 U.S.C.A. § 151 et seq.

The decree entered by this Court on June 27, 1941, was for the enforcement (with modifications not here material) of an order made by the Board on October 27, 1939. The position of the Board in these proceedings is that although the Board did not specifically find in its decision of October 27, 1939, just how many men the companies did employ or of what class in the period after July 5, 1935, or how many jobs existed, that the expressions the Board used in its decision show that the Board believed and understood there were not jobs enough to permit the companies to offer reinstatement in ordinary course to all those found by the Board to have been discriminated against and for whom it ordered reinstatement with back pay according to the formula. Its proof outside of the record previously before us consists of compilations made from the books of the companies by accountants which show, among other things, that the number of employees working for the companies was soon restored to nearly what it had been prior to July 5, 1935, and so continued, and the compilations disclose some incidents of the staff's composition not discussed in the Board's decision.

Our examination of the record and the showing herein has not persuaded that the Board departed from the form of order by which it "ordinarily ordered the offending employer to make them [discriminatorily discharged employees] whole with back pay" in the present instance because of an understanding or determination by the Board as to the number of men the company was employing, or as to the number of jobs brought into existence by such employment or as to the composition of the staff of workmen. The Board's formula makes provision for the computations concerning back pay for the group of 209 men in the case that the number of persons newly employed or reinstated after July 5, 1935, is less than, as well as in the case that it exceeds the number who are to be compensated under the order, and so it covers the events of a larger or smaller roll of workmen. The formula also takes into account the matter of old employees continuing their employment and of the old employees reinstated and of newly employed persons.

The Board stated in its decision that "The peculiar factual situation here presents unusual difficulties in fashioning our remedy so as to restore the status quo", and on review in this Court such difficulties were also apparent to us. They arose from many circumstances other than the uncertainty about the number of men required in the operations after July 5, 1935. The Judges were not in agreement on the fundamental question whether the Board could make any compensatory award to the group of 209 employees at all under the circumstances established, and sustained such power in the Board only by majority. The award to a group rather than to individual persons appeared to be a wide departure from the Board's "ordinary" procedure. We could not find prejudice to the companies in the formula adopted by the Board (and the companies alone were complaining of it), and although it is apparent on the face of it that it does not accord to each individual workman in the group an amount of back pay equal to a full wage from July 5, 1935, to the date of offer of reinstatement, and that it specifically provides a fraction only of such full wage, we held that the Board was within its rights in requiring payment of the fraction of such wage prescribed in the formula. It is stated for the Board that a full wage for the group for the period would amount to over One Million Three Hundred Thousand Dollars (less pay earned outside), and that the companies have put a construction upon the formula and made computations thereunder resulting in less than Six Thousand Dollars total to be paid the group. But it is not contended that the decree is unintelligible. No agreement has been

reached concerning the computations and the decree remains to be carried out.

We are not convinced upon the showing in these proceedings that the parts of the order and decree attacked were obtained by misrepresentation or wrongful conduct of the companies, or that on account of any mistake of the Board perversion of justice or unfair administration of the Act has been established justifying revocation or remand to the Board of the parts of the decree involved.

Our conclusion is that, while this Court has jurisdiction over the enforcement of all of the provisions of its decree which remain unexecuted, the petition of the Board and the record in this case present an insufficient factual basis for setting aside paragraphs 2(d) and 3(b) of the decree and for remanding the subject matter thereof to the Board. The motion of the Board for judgment upon its petition is therefore denied, and the petition is dismissed.